Argued October 7, 1968, reversed April 23, 1969

PATNODE, *Respondent, v.* CARVER ELEC-
TRIC & SIGN SUPPLIES CO.,
*Appellant.*

453 P2d 675

*William E. Flinn,* Eugene, argued the cause for appellant. On the briefs were Jaqua, Wheatley & Gardner.

*Clifford B. Olsen,* Portland, argued the cause for respondent. On the brief were Franklin, Olsen, Bennett, Des Brisay & Jolles.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

■■■■■

McALLISTER, J.

This is another third party action involving the application of the joint supervision or control and pickup or delivery provisions of ORS 656.154. Our decision in *Gorham v. Swanson,* decided this day, is controlling in this case.

The defendant purchased in Coos Bay a quantity of used metal electrical equipment, including motors, shafting, chains, boiler controls and the like. He engaged Ferguson Transfer Company to haul the equipment to his place of business in Eugene. Plaintiff was employed as a truck driver by Ferguson. On June 27, 1965, the equipment was loaded onto two trailers by plaintiff and two other workmen. About one-half the load consisted of items which could not be loaded by hand and these were loaded by a fork lift truck. The loading took about three hours.

The following day plaintiff drove a truck tractor pulling the two trailers to defendant's plant in Eugene where the trailers were unloaded by plaintiff and one of defendant's employees, Lloyd Cabaniss, who operated a fork lift truck. Plaintiff stood on the bed of the trailer and Cabaniss brought the fork lift alongside with a pallet resting on its forks. Plaintiff would orally signal when the pallet was properly located for loading. Much of the equipment which could be lifted by hand was in boxes which plaintiff placed on the

pallet. When plaintiff decided the pallet was fully loaded, he would tell Cabaniss to take it away. Cabaniss would then deposit the load somewhere on defendant's premises. When a heavy piece of equipment was encountered Cabaniss would slip the lift truck forks under the equipment and remove it from the bed of the trailer. The plaintiff decided whether an item of equipment would be placed on a pallet or unloaded directly by the lift truck.

The accident occurred about two hours after the unloading operation had begun. Plaintiff was on the trailer and as the fork lift approached for another load plaintiff motioned Cabaniss where to stop. As plaintiff stepped in front of the stopped fork lift it lurched forward and one of the forks struck the plaintiff in the calf of the left leg. Cabaniss' foot apparently slipped off of the clutch.

At the time and place of the accident both plaintiff and his employer and Cabaniss and his employer were subject to and covered by the provisions of the Workmen's Compensation Law.

The trial court held that this was a "delivery" under the provisions of ORS 656.154 and found against defendant. For the reasons stated in *Gorham v. Swanson,* supra, we reverse.

DENECKE, J., dissenting.

I dissent for the reasons stated in my dissent in *Gorham v. Swanson,* 253 Or 133, 453 P2d 670, decided this date.

SLOAN, J., joins in this dissent.